# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0552V

| | |
|---|---|
| STEVEN GILBERT,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 11, 2025 |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Nina Ren, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION DISMISSING PETITION[1]

On January 11, 2021, Steven Gilbert filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"), which he amended on November 7, 2022. The Amended Petition alleges that Mr. Gilbert suffered a right shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 26, 2018. Amended Petition at 1. Due to Petitioner's failure to prosecute his claim, this case is dismissed.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

The case was activated on May 5, 2022 (ECF No. 17). Petitioner filed evidence suggesting that he had received flu and pneumococcal vaccines on September 26, 2018. Ex. 6 at 12; Ex. 9 at 3-4. However, these records did not indicate in which arm the vaccines were administered - a key fact in light of the claimed injury. Thus, Petitioner was directed to file additional evidence addressing the situs of vaccine administration by September 15, 2022 (ECF No. 20). This deadline was twice extended, giving Petitioner until November 7, 2022, to file the documentation. Orders (non PDF) issued Sept. 29 and Oct. 7, 2022.

On November 7, 2022, Petitioner filed an amended petition and a status report stating that Petitioner's counsel had just been informed of Mr. Gilbert's death, and was attempting to reach next of kin to determine whether they wished to maintain the action (ECF Nos. 22, 23). On January 18, 2023, Petitioner filed a status report stating that Petitioner's widow planned to pursue the case, and would file a motion to substitute as petitioner (ECF No. 25). But several months passed without this occurring – and then on May 12, 2023, Petitioner filed a status report stating that Petitioner's estate had opted *not* to pursue the claim, and that a motion to withdraw the Petition would soon be filed (ECF No. 28). Petitioner was directed to file a motion or status report by September 29, 2023. Scheduling Order (NON PDF), issued Sept. 1, 2023.

Following a status conference, on November 16, 2023 Petitioner's counsel filed a status report detailing additional attempts to contact Petitioner's widow/estate (ECF No. 30). Thereafter, I directed Petitioner to show cause, by no later than September 30, 2024, why the case should not be dismissed for failure to prosecute (ECF No. 32). No response to the Order was filed. And to date, Petitioner has not filed additional evidence as first directed on July 15, 2022, and has not filed a motion to withdraw the petition or amend the caption to substitute the estate as the petitioner.

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Padmanabhan v. Sec'y of Health & Human Servs.*, 638 Fed. App'x 1013 (Fed. Cir. 2016) (upholding dismissal for failure to prosecute); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's .... deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order ..., would result in dismissal of the claim."); *see also* Vaccine Rule 21(b) ("[t]he special master or the court

may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

## Conclusion

**Petitioner has failed to prosecute his claim. Accordingly, this case is DISMISSED for failure to prosecute and insufficient evidence. The Clerk of Court shall enter judgment accordingly.[3]**

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.